UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAZALE ASHBY,<br><br>          Plaintiff,<br>     v.<br><br>ANGEL QUIROS, SCOTT SEMPLE, WILLIAM MULLIGAN, WARDEN FANEUFF, GREGORIO ROBLES, CHERYL CAPELAK & MONICA RINALDI,<br><br>          Defendants. | Civil Action No.<br>3:17-cv-916 (CSH)<br><br><br><br>OCTOBER 30, 2019 |

**RULING ON PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL**

**Haight, Senior District Judge:**

*Pro se* Plaintiffs Jesse Campbell and Lazale Ashby's consolidated actions concern conditions of their incarceration at Northern Correctional Institution ("Northern"). *See* Doc. 1 ("Ashby Compl.") and Complaint, *Campbell v. Quiros*, No. 17-cv-946 (CSH) (D. Conn. June 8, 2017), ECF No. 1 ("Campbell Compl."). This Court previously issued an Initial Review Order, *Ashby v. Quiros*, No. 17-cv-916 (CSH), 2018 WL 2324081 (D. Conn. May 22, 2018), and a ruling (the "December Ruling") granting in part and denying in part Defendants' motion to dismiss, *Ashby v. Quiros*, No. 17-cv-916 (CSH), 2018 WL 6704744 (D. Conn. Dec. 20, 2018). Familiarity with these prior opinions is assumed.

This Court had denied Ashby's first motion for a court order appointing counsel to represent him in this matter. Doc. 36. Ashby now makes another motion for appointment of counsel, addressing the deficiencies from his first motion. Doc. 39.

1

## I. STANDARD FOR APPOINTMENT OF COUNSEL

Pursuant to 28 U.S.C. §1915(e), the Court may appoint *pro bono* counsel to represent an indigent litigant. *See* 28 U.S.C. §1915(e)(1); *see also Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). The decision as to whether to appoint counsel for a *pro se* party should not be a "routine appointment." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989). Rather, the decision is left to the sound discretion of the district judge, based on certain criteria, such as "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." 877 F.2d at 172.

In *Hodge*, the Second Circuit instructed district courts regarding the applicable standard when exercising discretion regarding appointment of *pro bono* counsel:

> In deciding whether to appoint counsel, . . . the district court should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

802 F.2d at 61–62. With respect to a claim's merits, the Second Circuit advised that the district judge should first determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Id.*

In *Cooper*, the Second Circuit later elaborated on its decision in *Hodge*: "In trial courts, the preliminary assessment of likely merit must be undertaken somewhat more generously [than for appellate courts] since the unrepresented litigant might have difficulty articulating the circumstances

that will articulate the merit that might be developed by competent counsel." 877 F.2d at 174. Subsequently, in *Hendricks v. Coughlin*, the Court of Appeals drew upon both *Hodge* and *Cooper* to observe that "in some situations a *pro se* litigant may face substantial problems in the very development of a factual record that is needed for resolution of a case that poses complex issues." 114 F.3d 390, 393 (2d Cir. 1997).

Under this District's Local Civil Rules, the plaintiff must demonstrate to the presiding judge that: (1) he is unable to afford legal counsel, (2) it is unlikely that counsel may be secured under alternative fee arrangements, and (3) that his claims have "apparent merit." D. Conn. L. Civ. R. 83.10(c)(1). Moreover, under Second Circuit precedent, once the indigent litigant makes a "threshold" demonstration that his "position seems likely to be of substance," the Court "should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." *Hodge*, 802 F.2d at 61–62; *see also Cooper*, 877 F.2d at 174 ("In trial courts, the preliminary assessment of likely merit must be undertaken somewhat more generously since the unrepresented litigant might have difficulty articulating the circumstances that will indicate the merit that might be developed by competent counsel.").

## II. DISCUSSION

Upon the Court's review of Ashby's first motion for appointment of counsel, it found that Ashby had met most, but not all, of the requirements for appointment of counsel. The Court was satisfied that Ashby had met his burdens of showing that he was financially unable to hire his own

counsel and that his claims had merit. Doc. 36 at 4–5. However, Ashby had failed to make a sufficient showing that he has been unable to obtain representation by, or assistance from, counsel. *Id.* at 5–6. For the reasons that follow, the Court concludes that Plaintiff has once again failed to make such a showing.

In the Court's ruling regarding Ashby's first motion for appointment of counsel, the Court directed Ashby to contact at least two more attorneys. *Id.* at 7. Ashby has done so. In addition to having contacted Hope Metcalf at the Yale Law School's International Human Rights Clinic, *id.* at 5, Ashby represents that he has now contacted Attorney Thomas Farrish, and Attorney Marc Herman, Doc. 39 at 4–5. Attorney Farrish declined to represent Ashby; and, another inmate represented by Attorney Herman had told Ashby that Attorney Herman would send him a letter declining representation, as well. *Id.* at 5. Although Ashby has not yet received said letter, Ashby did not want this delay to prejudice his motion for appointment of counsel. *Id.*

The Court also directed Ashby to seek assistance from the Inmates' Legal Aid Program ("ILAP"), and herein lies the deficiency with respect to Ashby's renewed motion. Doc. 36 at 7. Ashby represents that he has contacted ILAP, Doc. 39 at 4–5, and ILAP informed him in a letter dated May 30, 2019, that Attorney Patrick Dunn was assigned to his case, *id.* at 4. However, according to an August 20, 2019, letter that this Court received from ILAP, Ashby had "not provided [ILAP] with . . . materials" that would permit ILAP to evaluate if Ashby "qualifie[d] for ILAP services"—*e.g.*, medical records, incident reports, and administrative grievances. Doc. 42. The Court then informed Ashby that it would not consider his second motion to appoint counsel unless he "proceed[ed] further and provide[d] ILAP with the requested materials." Doc. 42. To the Court's knowledge, Ashby has failed to do so.

4

Subsequently, the Court directed Ashby to update the Court with ILAP's qualification determination by October 25, 2019; otherwise, his motion would be denied. Doc. 44. That time has now passed. Ashby has not provided the Court with any updates regarding the status of ILAP's determination, or any indication that he has even provided ILAP with the requested materials. As the Court previously explained, Ashby has therefore failed to make the requisite efforts to obtain assistance of counsel on his own.

The Court believes that appointed counsel would have aided in the just resolution of this matter.[1] Additionally, for the reasons articulated in the Court's ruling on Plaintiff's first motion for appointment of counsel regarding his indigent status and the merits of his case, the Court was inclined to grant Plaintiff's second motion. Nonetheless, for the reasons stated herein—namely, Plaintiff's failure to sufficiently demonstrate that he made efforts to obtain assistance of counsel on his own—the Court must DENY Plaintiff's motion.

### III.   CONCLUSION

For the foregoing reasons, Ashby's second motion for appointment of counsel, Doc. 39, is DENIED WITHOUT PREJUDICE. Ashby should be prepared to continue to pursue this case on his own. However, if, at a later time, Plaintiff demonstrates that he has sought the assistance of ILAP, the Court will consider anew a re-filing of this motion.

---

[1] In the Court's denial of Ashby's first motion for a court order appointing counsel, the Court explained, for example, that: "Ashby may require extensive discovery regarding prison policy, the reasons behind the changes in policy, etc., that he may be unable to obtain on his own. Perhaps more significantly, the issues presented are legally complex. They will require parties to argue exactly how long is too long to impose the sorts of policies affecting the Plaintiffs for which there are few cases that are on point. Appointment of counsel would allow Ashby to present his case more fully in terms of both fact and law and lead to a just determination." Doc. 36, at 4–5.

It is SO ORDERED.

Dated: New Haven, Connecticut
       October 30, 2019

                                       */s/ Charles S. Haight, Jr.*
                                       CHARLES S. HAIGHT, JR.
                                       Senior United States District Judge