## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

LAZALE ASHBY and
JESSE CAMPBELL, III,

               Plaintiffs,

    v.

ANGEL QUIROS, et al.,

               Defendants.

Civil Action No. 3:17-cv-916

**May 14, 2021**

## RULING ON PLAINTIFFS'
## MOTION FOR RECONSIDERATION

**HAIGHT, Senior District Judge:**

       Plaintiffs Lazale Ashby and Jesse Campbell III ("Plaintiffs") move this Court to reconsider its decision, reported at 443 F. Supp. 3d 232 (D. Conn. 2020), granting summary judgment to Defendant prison officials and correctional officers ("Defendants") and dismissing Plaintiffs' complaint. *See* Doc. 51 ("Pls.' Mot.").

       Plaintiffs claim that the Court should reconsider its decision because:

> the Court relied on a 2015 motion to dismiss ruling in *Reynolds v. Murphy*, [No. 3:13-cv-316 (SRU), 2015 WL 1456880 (D. Conn. Mar. 30, 2015),] but was apparently unaware that the case was subsequently [i]ncorporated into a broader conditions case, *Reynolds v. Arnone*, [No. 3:13-cv-1465 (SRU)], and that there[']s a full decision on the merits of both due process and qualified immunity claims in that case . . . . That larger case is currently on expedited appeal . . . . Arguments about the issues this Court decided[,] includ[ing] the scope of the liberty interest and qualified immunity, have been fully briefed in that appeal.

Pls.' Mot. at 1–2.  Plaintiffs additionally state that "This Court relied on recent 2nd Circuit Authority on qualified immunity but did not have the benefit of briefing by counsel.  Plaintiff-appelle[e] in *Reynolds* has briefed the recent authority that this Court relied on. . . . Judge

Underhill had rejected the qualified immunity argument . . . but only after hundreds of pages of briefing and two hours of oral argument[]." *Id.* at 2.

Because Plaintiffs have filed their motion following entry of judgement in Defendants' favor, *see* Doc. 50, the Court construes their motion as one for relief under Rule 60 of the Federal Rules of Civil Procedure. Rule 60 provides, in relevant part, that "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "Rule 60(b) provides 'extraordinary judicial relief' and can be granted 'only upon a showing of exceptional circumstances.'" *Kubicek v. Westchester Cnty.*, No. 08 Civ. 372, 2014 WL 4898479, at *1 (S.D.N.Y. Sept. 30, 2014) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). The standard applied to motions under Rule 60(b) is substantially the same as that applied to motions for reconsideration pursuant to Local Civil Rule 7(c). *See Levy v. World Wrestling Ent., Inc.*, No. 3:08-cv-1289, 2009 WL 2382022, at *1 (D. Conn. July 31, 2009) ("[M]otions pursuant to Rule 59(e), Rule 60(b), and Local Rule 7(c) for reconsideration are treated under the same standard." (citing *City of Hartford v. Chase*, 942 F.2d 130, 133 (2d Cir. 1991)).

Whichever procedural mechanism is employed, the Second Circuit has explained that "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Chance v. Machado*, No. 3:08-cv-774, 2013 WL 1830979, at *1 (D. Conn. Apr. 30, 2013) ("The law in this District and Circuit is clear that a court will only reconsider a prior decision in the same case if there has been an intervening change in controlling

law, there is new evidence, or a need is shown to correct a clear error of law or to prevent manifest injustice." (citation and internal quotation marks omitted)).   "A 'motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made.'" *Lopez v. Smiley*, 375 F. Supp. 2d 19, 21–22 (D. Conn. 2005) (quoting *Horsehead Res. Dev. Co., Inc. v. B.U.S. Env't Servs., Inc.*, 928 F. Supp. 287, 289 (S.D.N.Y.1996)); *see also Associated Press v. U.S. Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005) ("It is settled law . . . that a motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." (citations omitted)).   "A motion for reconsideration is not a substitute for appeal . . . nor is it a vehicle for a party dissatisfied with the Court's ruling to voice its disagreement with the decision." *Kubicek*, 2014 WL 4898479, at *1 (citing *Boart Longyear Ltd. v. Alliance Indus., Inc.*, 869 F. Supp. 2d 407, 418 (S.D.N.Y.2012) and *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 512–13 (S.D.N.Y.2009)).

Even when the Court construes Plaintiffs' motion as raising the strongest arguments it suggests, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006), the Court finds no reason to reconsider its grant of summary judgment to Defendants and thereby relieve Plaintiffs of the effects of that judgment.

As an initial matter, Plaintiffs are simply incorrect that *Reynolds v. Murphy*, No. 3:13-cv-316, was ever consolidated with *Reynolds v. Arnone*, No. 3:13-cv-1465.   Judge Underhill expressly denied Reynolds's motion to consolidate the two matters, as well as denied his motion in the *Murphy* action to amend his complaint to add facts and claims within the scope of the *Arnone* action.   *See* Initial Review Order at 13–14, *Reynolds v. Murphy*, No. 3:13-cv-316 (D. Conn. Nov. 19, 2013), ECF No. 9; Ruling & Order on Motions for Reconsideration and Leave to

Amend at 3–4, *Reynolds v. Murphy*, No. 3:13-cv-316 (D. Conn. Feb. 9, 2015), ECF No. 28. There additionally is no later decision in *Murphy* on the questions of liberty interests or qualified immunity, since no summary judgment motions ever were filed in that case nor any decisions rendered on appeal, and the parties ultimately stipulated to the case's dismissal. *See* Order Granting Stipulation of Dismissal, *Reynolds v. Murphy*, No. 3:13-cv-316 (D. Conn. Oct. 17, 2017), ECF No. 92.  Thus, there is nothing regarding *Murphy* that this Court has overlooked— much less any aspect that would be controlling here on the points Plaintiffs contest.

With respect to Plaintiffs' apparent argument that I should have considered *Reynolds v. Arnone*, I would not have found the discussion of qualified immunity in Judge Underhill's decision in *Arnone* persuasive in analyzing the case at the bar, since the *Arnone* opinion was addressed to the plaintiff's placement in solitary confinement pursuant to Conn. Gen. Stat. § 18-10b, and did not concern either the out-of-cell restraint policy at issue in this litigation or a similar policy.  *See generally* 402 F. Supp. 3d 3 (D. Conn. 2019).  As I explained at length in my decision on summary judgment, Supreme Court and Second Circuit precedent requires that "the 'clearly established' element of qualified immunity 'must be particularized to the facts of the case.'" 443 F. Supp. 3d 232, 247.  I ultimately found that cases concerning the length of time a prisoner may be held in solitary confinement—*i.e.*, cases like *Arnone*—are not instructive in the present situation on the question of whether Plaintiffs' rights regarding the out-of-cell restraint policy were clearly established, supporting the conclusion that Defendants are entitled to qualified immunity for their actions.  *Id.* at 250–51.  Plaintiffs identify no aspect of *Arnone*'s qualified immunity analysis that calls into question the Court's interpretation of controlling law

in the present circumstances, nor does the Court perceive any.[1]  There is thus no evident
"mistake" on the Court's part in this regard.

Finally, it is unclear to the Court what Plaintiffs intend by the statements in their brief
regarding briefing by counsel.  To the extent that Plaintiffs argue that the Court presently should
consider in this case arguments raised by counsel in the appeal of the *Arnone* decision, the Court
will not do so: if Plaintiffs did not make those arguments in this case in some form, a motion for
reconsideration cannot now bring them in because a motion for reconsideration or for relief from
a final judgment is not an opportunity to advance new arguments.  *See supra*; *see also Fairbaugh
v. Life Ins. Co. of N. Am.*, 872 F. Supp. 2d 174, 178 (D. Conn. 2012) ("A motion to reconsider is
not the place to make arguments that the movant could have made in its original briefing but
failed to make.").  To the extent that Plaintiffs' statements about arguments by counsel is an
argument that Plaintiffs should be relieved of the judgment because the Court should have
appointed counsel in this matter, the Court additionally rejects Plaintiffs' position.  No
constitutional right to counsel exists in civil matters, and the appointment of counsel for indigent
plaintiffs is discretionary.  *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).  Where
the Court has considered the available facts and declined to appoint counsel—as I have done—
no error meriting relief pursuant to Rule 60(b) exists.  *See Anderson v. Lantz*, No. 3:07-cv-1689,
2009 WL 2883072 (D. Conn. Aug. 27, 2009) (denying Rule 60(b) motions, where plaintiff
sought reconsideration "because he was forced to proceed without counsel despite his mental
health condition.").

Accordingly, Plaintiffs' motion for reconsideration is DENIED.  Any further arguments
must be addressed to the Court of Appeals.

---

[1] The Court additionally notes that Judge Underhill's decision has been vacated in most respects by the Second
Circuit, without the Court of Appeals addressing the issue of qualified immunity. *See Reynolds v. Quiros*, 990 F.3d
286 (2d Cir. 2021).

It is SO ORDERED.

Dated: New Haven, CT
      May 14, 2021

                                  *s/ Charles S. Haight, Jr.*
                                  CHARLES S. HAIGHT, JR.
                                  Senior United States District Judge